Filed 11/20/24  P. v. Rubish CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT RUBISH,<br><br>    Defendant and Appellant. | F087241<br><br>(Super. Ct. No. 99CM7166-003)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kings County.  Robert Shane Burns, Judge.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs, and Caitlin Franzen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

This appeal arises from the recall of defendant Robert Rubish's long-final sentence and resentencing under Penal Code section 1172.75,[1] following notice by the California Department of Corrections and Rehabilitation (CDCR) that defendant may be serving a term that includes an enhancement under section 667.5, former subdivision (b).

Defendant seeks reversal and remand for resentencing on three grounds. He claims defense counsel rendered ineffective assistance of counsel (IAC) when she requested the court strike his current conviction under *Romero*.[2] He also claims the trial court abused its discretion when it failed to recognize it had the discretion to strike his prior convictions. Finally, he claims that cumulatively, the errors violated his due process rights.

The People dispute any entitlement to relief.

We conclude that defendant is entitled to remand for resentencing by a trial court aware of the full scope of its sentencing discretion under section 1172.75, which renders defendant's claims of IAC and cumulative error moot. Accordingly, we vacate defendant's sentence and remand for a full resentencing.

## PROCEDURAL HISTORY

In 1999, defendant, who was serving a sentence for murder, was charged with committing battery upon a nonconfined person, in violation of section 4501.5, and the complaint alleged two prior serious or violent felony convictions within the meaning of the "Three Strikes" law, a 1986 conviction for burglary and a 1989 conviction for murder. (§§ 667, subds. (a)–(i), 1170.12, subds. (a)–(d).) The complaint also alleged a prior prison term enhancement. (§ 667.5, former subd. (b).) In 2000, the jury convicted defendant of battery, and, in a bifurcated proceeding, the jury found the prior felony

---

[1] All further statutory references are to the Penal Code. Although not relevant to resolution of the issues raised in this appeal, section 1172.75 was amended to add subdivision (f), effective January 1, 2025. (Sen. Bill No. 285 (2023–2024 Reg. Sess.) ch. 979, § 2.)

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

conviction and prior prison term enhancement allegations true.  Defendant was subsequently sentenced to a mandatory term of 25 years to life with an additional one-year term for the prior prison term enhancement.

In August 2022, following the enactment of Senate Bill No. 483[3] and receipt of a notice from CDCR, the trial court issued an order informing the parties that, pursuant to section 1172.75 (former § 1171.1; see *ante*, fn. 3), defendant may be serving a sentence that includes an enhancement imposed under section 667.5.  The trial court appointed counsel and set a hearing.

In July 2023, defendant's counsel filed a motion seeking relief from defendant's battery conviction under *Romero* and relief under section 1170.126 (Three Strikes Reform Act of 2012) (Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).  The prosecutor filed an opposition to relief under *Romero* and the Reform Act.

At the November 2023 resentencing hearing, both parties submitted on the briefing.  The trial court observed that defendant filed what was entitled a *Romero* motion, but which sought dismissal of defendant's current conviction, relief that was not the proper subject of a *Romero* motion and which was beyond the jurisdiction of the court.  With respect to relief under section 1170.126, the court noted that defendant's prior murder conviction was a "super strike," which rendered him ineligible for relief under the Reform Act.[4]  (§ 1170.126, subd. (e)(3); *People v. Johnson* (2015) 61 Cal.4th

---

[3]     Effective January 1, 2022, Senate Bill No. 483 added former sections 1171 and 1171.1, which provided, subject to exceptions not relevant here, that any enhancements imposed prior to January 1, 2018, pursuant to section 11370.2 of the Health and Safety Code and imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), were legally invalid.  (Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).)  The bill also provided a timeline for identification of individuals serving a term that included a now invalid enhancement, review and resentencing.  (*Ibid.*)  Effective June 30, 2022, Assembly Bill No. 200 (2021–2022 Reg. Sess.) renumbered section 1171 to section 1172.7 and section 1171.1 to section 1172.75.

[4]     The California Supreme Court has granted review to resolve the question whether the penalty provisions of the Reform Act apply during resentencing under section 1172.75.  (*People*

674, 681–682.)  Neither the parties nor the trial court discussed any request for or entitlement to relief from one or both prior felony convictions under *Romero*.  The court struck the prior prison term enhancement, but otherwise denied relief.

## DISCUSSION

### I.  Recall and Resentencing Under Section 1172.75

Defendant's prior prison term enhancement became legally invalid following the passage of Senate Bill 483 and CDCR provided notice to the trial court, which then recalled his sentence and resentenced him under that section.  (§ 1172.75, subds. (a)–(c).)  "'By its plain terms, section 1172.75 requires a *full* resentencing, not merely that the trial court strike the newly "invalid" enhancements.'"  (*People v. Garcia* (2024) 101 Cal.App.5th 848, 855, italics added, quoting *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)  The statute provides:

> "(d)  [¶]  (1)  Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

> "(2)  The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

> "(3)  The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(1)–(3).)

---

*v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305.)  The issues raised in this case do not implicate that question.

4.

## II.     Entitlement to Remand for Resentencing Under *Romero*

Defendant claims that the trial court was unaware of the scope of its sentencing discretion under section 1172.75 and, therefore, he is entitled to remand for a full resentencing. The People argue that the court's analysis that it lacked jurisdiction to dismiss defendant's current conviction under *Romero* demonstrates it understood the full scope of its resentencing discretion, and the court had no obligation to address the issue of defendant's two prior felony convictions sua sponte.

### A.     *Legal Principles*

"[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425, citing *People v. Buycks* (2018) 5 Cal.5th 857, 893 & *People v. Navarro* (2007) 40 Cal.4th 668, 681.) Relevant to the resentencing in this case, a trial court's discretion to strike prior felony convictions in furtherance of justice under section 1385 must be viewed through the lens of the Three Strikes alternate sentencing scheme. (*Wheeler v. Appellate Division of Superior Court* (2024) 15 Cal.5th 1193, 1206–1207.) "'[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' (*Romero, supra*, 13 Cal.4th at p. 528.) To achieve this end, 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."'" ([*People v.*] *Strong* [(2001)] 87 Cal.App.4th [328,] 337–338, fn. omitted.)

"Consistent with the language of and the legislative intent behind the three strikes law, we have established stringent standards that sentencing courts must follow in order to find such an exception. '[I]n ruling whether to strike or vacate a prior serious and/or

violent felony conviction allegation or finding under the Three Strikes law, on its own motion, "in furtherance of justice" pursuant to Penal Code section 1385[, subdivision ](a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' ([*People v.*] *Williams* [(1998)] 17 Cal.4th [148,] 161.)"  (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

Resolution of the issues raised in this case implicates two principles.  First, "'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.]  In such circumstances, … the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'"  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*); accord, *People v. Salazar* (2023) 15 Cal.5th 416, 424 (*Salazar*); *People v. Flores* (2020) 9 Cal.5th 371, 431–432.)  Indeed, "when a court has not exercised its informed discretion, remand is the default 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion."'"  (*Salazar, supra*, at p. 431, quoting *Gutierrez, supra*, at p. 1391.)

Second, as the People argue, "[a]bsent evidence to the contrary, we presume that the trial court knew the law and followed it."  (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; accord, *Gutierrez, supra*, 58 Cal.4th at p. 1390.)  Thus, "we presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are

6.

indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.""" (*People v. Giordano* (2007) 42 Cal.4th 644, 666; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

**B.** *Analysis*

The record in this case reflects that neither the parties nor the trial court appreciated that defendant was entitled to a full resentencing, and we cannot conclude that remand would be an idle act. (*Salazar, supra*, 15 Cal.5th at p. 431.) In 2000, the trial court denied defendant's *Romero* motion, a decision defendant was entitled to have the trial court reconsider during his 2023 resentencing. While defense counsel erred in seeking relief from the current conviction under *Romero*, she correctly targeted defendant's mandatory sentence of 25 years to life as the issue. In arguing that past sentencing decisions, including *Romero* rulings, may not be revisited under section 1172.75, the prosecutor also erred.

By virtue of the parties' requests and arguments, defendant's entitlement to relief under *Romero* was before the court. The court correctly observed it could not strike defendant's current conviction for battery under *Romero* and that defendant had a disqualifying super strike for purposes of relief under the Reform Act, neither of which is challenged on appeal. However, while the court's express statements reflect it was aware that a *Romero* motion targets prior strike convictions, the court did not acknowledge its duty to conduct a full resentencing in this regard. Notably, neither the parties nor the court discussed defendant's prior burglary conviction, and the court expressly noted it lacked the information needed to evaluate the nature and circumstances of defendant's prior strike offenses.

The battery conviction in this case was neither a serious nor a violent felony under the Three Strikes law and the crime was committed almost 26 years ago. In particular, one of defendant's two prior convictions was for a burglary, which is a serious but not a violent offense and which occurred almost 40 years ago. Defense counsel represented

7.

that while incarcerated, defendant took classes and participated in groups, and her *Romero* request is supported by laudatory prison chronos and letters of support for defendant from family and community members. Moreover, a supplemental probation report, which apparently was neither ordered nor requested, would have aided the court in evaluating defendant's in-prison conduct over the past two decades and provided some of the missing information. These are all relevant factors under *Romero,* and they were not considered.

Also relevant is the sentence imposed. The California Supreme Court has stated, "'[I]t is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences.'" (*People v. Johnson* (2015) 61 Cal.4th 674, 689, quoting *People v. Garcia* (1999) 20 Cal.4th 490, 500.) Defendant received a mandatory term of 25 years to life for battery on an officer without, fortunately, the involvement of a weapon or injuries. We do not minimize this offense or the fact it occurred in prison, nor do we minimize defendant's prior strike convictions. However, the trial court "must consider both the defendant's constitutional rights and society's interest in the prosecution of crimes" and "'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Johnson, supra*, at pp. 688, 689, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161.)

The record in this case is not silent, but neither does it reflect, in the context of *Romero* and defendant's prior felony convictions, that "'the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law ….'" (*Carmony, supra*, 33 Cal.4th at p. 378.) Defendant was entitled to a full resentencing, including consideration of all the factors relevant to determining whether to

strike prior convictions under section 1385 and we cannot conclude that remand to consider striking at least one of the prior convictions under *Romero* would be futile. (*Salazar, supra*, 15 Cal.5th at p. 431 ["unless there is a clear indication from the sentencing court that it would be idle to do so, remand for resentencing is required"].) Therefore, we vacate the ruling and remand for resentencing.  We express no view on how the trial court should ultimately exercise its sentencing discretion on remand under section 1385, but the court must afford defendant a full resentencing hearing, which includes consideration of all of the relevant factors pertaining to a *Romero* request to strike one or both prior felony convictions.

Our resolution of this issue in defendant's favor renders his IAC claim and claim of cumulative error moot and we do not reach those issues.

## DISPOSITION

Defendant's sentence is vacated, and this matter is remanded for a full resentencing under section 1172.75.

MEEHAN, J.

WE CONCUR:


PEÑA, Acting P. J.


DeSANTOS, J.

9.